UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AUSTIN DE TAGLE,<br><br>      Plaintiff,<br><br>     v.<br><br>SAN JOSE POLICE OFFICER JULIAN #4610,<br><br>      Defendant. | Case No. 23-cv-05095-VKD<br><br>**ORDER GRANTING EX PARTE APPLICATION TO SERVE A THIRD-PARTY SUBPOENA**<br><br>Re: Dkt. No. 14 |

Plaintiff Austin de Tagle, who is representing himself, asks permission to serve a third-party subpoena on the City of San Jose prior to the Rule 26(f) conference in order to obtain contact information for defendant San Jose Police Officer Julian, #4610 ("Officer Julian"). Dkt. No. 14. For the reasons explained below, the Court grants the application.

**I.     BACKGROUND**

Office Julian is the sole defendant named in Mr. de Tagle's first amended complaint ("FAC") in this civil rights action. *See* Dkt. No. 6. The Court has previously issued orders granting Mr. de Tagle's application to proceed in forma pauperis, screening the FAC pursuant to 28 U.S.C. § 1915(e), and directing the U.S. Marshal to serve the FAC on Officer Julian. Dkt. Nos. 5, 7. The Marshal attempted to serve Officer Julian at the San Jose Police Department but was unable to effect service because "Officer Julian #4610 resigned from SJPD in April of 2023." Dkt. No. 9. Noting that "[a]s a general matter, it is the responsibility of the plaintiff to determine the defendant's whereabouts in order to effect service," the Court directed Mr. de Tagle to provide updated contact information to allow the Marshal to effect service on Officer Julian. Dkt. No. 10.

In his ex parte application, Mr. de Tagle explains that he has made several attempts to

1 obtain contact information for Officer Julian from the City, but his efforts have been unsuccessful.
2 *See* Dkt. No. 14 (application), Dkt. No. 15 (declaration in support). Mr. de Tagle specifically
3 alleges that the City's Human Resources department refused to release Officer Julian's contact
4 information due to "privacy issues." Dkt. No 15 at 2. He asks the Court to allow him to serve a
5 third-party subpoena on the City seeking Officer Julian's "full name, current address, last known
6 contact information, [and] email address." Dkt. No. 14 at 2.

## II.  DISCUSSION

While the general rule is that "discovery proceedings take place only after the defendant has been served," the rule is subject to certain exceptions, such as "permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). In the context of proceedings against "John Doe" defendants, the Ninth Circuit has stated that "where the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)); *see also Gillespie v. Torres*, No. 20-CV-03735-DMR, 2020 WL 6710090, at *5 (N.D. Cal. Nov. 16, 2020); *Anaya v. Marin Cnty. Sheriff*, No. 13-CV-04090-WHO, 2014 WL 6660415, at *5-6 (N.D. Cal. Nov. 24, 2014).

It appears that the San Jose Police Department has at least some information concerning Officer Julian's full name and contact information, and that discovery of that information would likely enable Mr. de Tagle to serve the FAC on Officer Julian. *See* Dkt. No. 9. As the Court concluded in its screening order, the FAC states a plausible Fourth Amendment false arrest claim under 42 U.S.C. § 1983 for the purposes of 28 U.S.C. § 1915(e). *See* Dkt. No. 7. Thus, Mr. de Tagle is entitled to obtain the defendant's contact information in order to effect service.

The Court is sensitive to the City's concerns about the privacy of its employees. Accordingly, it grants Mr. de Tagle's application and orders as follows:

1. Mr. de Tagle shall prepare a subpoena directed to the City of San Jose asking the City to produce documents sufficient to show Officer Julian's full name and last known residential address and phone number, using the U.S. Courts AO 88B document subpoena form, a copy of which is attached to this order.[1]  Mr. de Tagle shall file the completed subpoena on the Court's docket by **February 19, 2024**.

2. Once Mr. de Tagle files an appropriate, completed subpoena, the Court will direct the U.S. Marshal to serve it on the City of San Jose, together with a copy of this order.  *See* Fed. R. Civ. P. 45(b); 28 U.S.C. § 1915(d).

3. Instead of producing responsive documents to the subpoena to Mr. de Tagle, the City may file the responsive documents with the Court ex parte and under seal, and may seek a protective order providing that the information shall be used solely by the Marshal to effect service on Officer Julian.

4. The Court finds good cause to extend the February 16, 2024 deadline to effect service of the FAC on Officer Julian to **March 18, 2024**.  *See* Dkt. No. 13; Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

Dated: February 5, 2024

*[signature]*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] Fillable PDF and Microsoft Word versions of this form are available on the Court's website at: https://www.cand.uscourts.gov/forms/civil-forms/.